Aubrey MERKEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 35112.

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The conviction is for felony theft; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

Appellant has filed no brief; there are no formal bills of exception.

Among the corporeal personal property the indictment alleged were stolen were the following items, with the value alleged and the value shown by the state's evidence:

| Description of property | Value alleged | Value shown by State's evidence |
|---|---|---|
| 1 hydraulic jack | $15.00 | $20.00 |
| 1 chain boomer | 7.50 | 10.00 |
| 2 ratchet wrenches | 7.50 | 10.00 |
| 9 open end wrenches | 10.00 | 15.00 |
| 3 box-end wrenches | 15.00 | 22.00 |
| 1 grease gun | 4.00 | 4.00 |
| 1 Nylon Fleece lined Jacket | 10.00 | 10.00 |

A witness called by the defense testified that the value of the items other than the jacket would be $48.54. Taken in the light most favorable to the state, the testimony of the defendant's witnesses shows that the value of the property taken exceeded the reasonable market value of $50.

In regard to his return to the area where the truck was parked, Mr. Wall related:

"This man here had his car parked behind the cafe and he had everything loaded but the jack, and when he saw us he stood up and looked at us. When he saw us, he opened the back door, throwed the jack in, and I told Gene, I said, 'That looks like my jack'. So, as I got out of the pickup he jumps in his car and goes over to Mr. Burnham's scales, behind his feed store.

"Q. Who does? A. Mr. Merkel.

"Q. That is this defendant? A. Yes, sir.

"Q. You identify him as the man? A. Yes, sir.

"Q. Good. A. And when I looked in my tool box, well, all my stuff was gone, and looked in the truck, and spark plugs and everything was gone out of it."

Three persons who observed appellant removing the tools from the truck testified. One of them, Clay Lynn, an eleven year old boy, had taken down the license number of the car into which appellant placed the items taken from the truck.

While appellant was being placed under arrest his woman companion drove off in the car but was stopped within ten minutes. A search of the car produced the above described items which were identified by Mr. Wall as the property taken from his truck.

Mr. Wall stated that the items taken were his property and that they were taken from his possession without his permission, knowledge or consent.

Two of the prior convictions alleged were proved and appellant's identity as the defendant so convicted was established by the introduction into evidence of the records of the Texas Department of Corrections, including certified copies of the judgment and sentence in each case, and the testimony of an expert who compared the fingerprints which were a part of the record in each case and known prints of the defendant and testified that the fingerprints were made by the same man, and the testimony of two witnesses who identified the appellant as the defendant previously convicted.

The evidence is sufficient to sustain the conviction and no error appears.

The judgment is affirmed.