Aubrey Jake **MERKEL**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 24514.

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

W. Terry Bray, Austin, Tex., for appellant.

Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

In this habeas corpus proceeding appellant attacked his conviction in the state court of the offense of felony theft. Relief was denied by the United States District Court for the Southern District of Texas after an evidentiary hearing.

The record reveals that despite appellant's manifestation of a desire to appeal, his court appointed counsel concluded that there was no merit in an appeal. After obtaining a transcript and filing a Motion for Rehearing, counsel proceeded no further. The judgment of conviction was affirmed by the Court of Criminal Appeals of Texas, Merkel v. State, 363 S.W.2d 267 (1963), without the assistance of counsel, brief or formal bills of exception. We do not question the motives of counsel in reaching the conclusion not to pursue the appeal. Counsel did not file a motion for leave to withdraw from the case. As stated in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), our concern is with the duties and responsibilities of counsel to serve as an advocate on appeal after a criminal conviction even though such counsel has conscientiously concluded that there is no merit in the indigent's appeal.

In the light of the teachings of *Anders* and Schwander v. United States, 386 F.2d 20 (5 Cir. 1967), we find that appellant was deprived of his right of direct appeal with the assistance of counsel and we remand the case in order to provide him with a review of his conviction with the aid of counsel on direct appeal as adequate as if counsel had pursued the appeal and rendered the services of an advocate in the first instance.

The judgment is reversed.