FREDDIE LEE WATKINS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5634

February 18, 1969                    450 P.2d 795

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Jerry J. Kaufman,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

This case must be read as a companion to Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969), because the discussion there regarding frivolous appeals governs here.

Watkins appeals from a conviction of second-degree burglary. As in Sanchez, supra, Watkins' court-appointed counsel stated in his opening brief that he could not represent that the errors he claimed to have occurred warranted reversal, but

that he would argue all errors which might have merit. The state answered with a brief in opposition and the case was then submitted on the briefs.

On October 22, 1967 a man was arrested in the parking lot of the Thunderbird Hotel in Las Vegas while sprawled in the front seat of a parked Cadillac attempting to remove the automobile's stereo tape player. He wrestled with two security guards and escaped with an accomplice. He was later arrested, identified and convicted.

Watkins contends that a knife found in the car and introduced in evidence was never linked to him. The knife was relevant because it was evidently used to pry open the automobile's door. The owner of the automobile testified that it was not there when he parked the car and it did not belong to him. The car was locked and there was evidence the door had been pried open. The knife was directly related to the showing of unlawful entrance required to be shown as an element of burglary. While the knife was never positively established as owned by Watkins there was abundant evidence to show that Watkins was the only person who could have left it there.

While there may be error, it is apparent that there is no arguable basis for a finding of reversible error in the admission of the testimony and evidence concerning the knife. We consider this case an example of a frivolous appeal and commend appellant's counsel for his candor and his zeal in expediting the appeal and complying with the procedural requirements. Henceforth the state would be justified by the preliminary acknowledgment of defense counsel that the appeal was without merit in presenting a motion to dismiss the appeal after filing of the opening brief. The matter then would be before us in chambers to decide the motion. Counsel thereafter would either proceed in the usual manner if we deny the motion, but if we dismiss the appeal as frivolous, then no further time is taken of the court or counsel and justice will not be delayed.

Since no motion to dismiss was made in this case we merely affirm the trial court.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.