LOUIE SANCHEZ, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 5577

February 18, 1969            450 P.2d 793

*James D. Santini,* Public Defender, and *Robert G. Legakes,*
Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,
Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Louie Sanchez appeals from a conviction of first-degree burglary. At five o'clock in the morning of November 3, 1967 he was apprehended in the basement of the Mint Hotel in Las Vegas while pushing a television set out of the hotel. Sanchez admitted the taking of the set from the hotel but claimed that a man had given him ten dollars and told him to bring his television set down from his hotel room. Sanchez had the keys to two Mint Hotel rooms on his person, one of which was to the room which contained the stolen television set.

1. Two photographic copies of lists containing the serial numbers of the television sets the hotel owned and the rooms which contained them were sought to be introduced at trial, but were objected to as not being the best evidence and not taken in the course of business. The purpose of the offer of the evidence was to show that the television set seized by Sanchez belonged in Room 1510 of the hotel. Counsels' objection to one of the two exhibits was sustained and therefore his assignment of error as to that exhibit is unfounded. The other exhibit was a copy in daily use and contained notations of sets removed for repairs by designated maintenance employees. It shows that on the date of the theft the stolen television set was owned by and assigned to a room of the hotel to which Sanchez was found to have a key and to which he admits entering to remove the set. The only assignment of error that bears discussion is whether the exhibits offered as business records are

admissible within the purview of NRS 51.030(2)[1] Little consideration need be given to that assignment. NRS 51.060 permits admission of photographic copies of originals when made in the regular course of business as these were.[2]

2. We welcome the opportunity to dispose of the question of the responsibility of counsel in what they consider to be a frivolous appeal. The public defender in this case acknowledged at the outset that he did not find any merit or reversible error in this appeal. Nevertheless he submitted a brief on all issues raised by the record which might arguably support an appeal as required by Anders v. California, 386 U.S. 738 (1967). See also United States v. Gregg, 393 F.2d 722 (4th Cir. 1968); Merkel v. Beto, 387 F.2d 854 (5th Cir. 1968); Smith v. United States, 384 F.2d 649 (8th Cir. 1967); State v. Elliott, 418 P.2d 263 (Ore. 1966), vacated and remanded, Elliott v. Oregon, 387 U.S. 571 (1967), reaff'd, State v. Elliott, 442 P.2d 609 (Ore. 1968); People v. Feggans, 432 P.2d 21 (Cal. 1967); Commonwealth v. Baker, 239 A.2d 201 (Pa. 1968).

We will remove some of the circuitous requirements of Anders, supra, in order that the litigants, counsel and this court can expeditiously get to the point of each case with a minimum of procedural steps and still afford the maximum of constitutional protection to the defendant. Appointed counsel for a defendant who demands an appeal need not file a request to

---

[1]NRS 51.030(2): "In any court of Nevada, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter."

[2]NRS 51.060: *Admissibility of reproduced records in evidence.* If any business . . . in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence or event, and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic . . . process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed. . . . Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not . . . ."

withdraw if he feels there is no reversible error to argue on appeal. If after a conscientious examination of the record counsel believes that the appeal is frivolous, then he must file the opening brief on the merits of all arguable issues raised by the record together with an acknowledgment that he does not believe there is merit to the appeal. Thereafter the state may either answer in normal course or move to dismiss the appeal as frivolous, but a motion to dismiss must be accompanied with points and authorities in support of the claim of frivolity.

Some cautions should be noted. Neither the district court nor counsel may decide whether the appeal is frivolous. Lane v. Brown, 372 U.S. 477 (1963); Eskridge v. Washington, 357 U.S. 214 (1958). Only this court can do that. NRS 177.205(1) allows dismissal if the appeal is irregular in any substantial particular. An appeal which presents only frivolous assertions of error is substantially irregular. People v. Sumner, 69 Cal.Rptr. 15 (Ct.App. 1968). We rely on that authority alone without further discussion encompassing our inherent powers. Due concern must be given to the fine distinction between a frivolous appeal and an appeal raised upon points that are found to be without merit, Sumner, supra, at 19, but the distinction in any given case is for this court to decide. It should also be noted that appellant's counsel must brief the case on the merits in support of appellant's position taking care not to brief against his client in an attempt to prove the appeal frivolous. Suggs v. United States, 391 F.2d 971 (D.C. Cir. 1968).

In this case we do not dismiss the appeal as frivolous because NRS 51.030 and NRS 51.060 have never been interpreted by this court. Also, proof of the ownership of the stolen property was a crucial necessity in the state's case sought to be established by the evidence in dispute. These factors create an appealable issue even though we find it is without merit. Therefore we affirm the court below.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.