EDDIE ANTHONY LLOYD, JR., APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5773

October 24, 1969                    460 P.2d 111

*James D. Santini,* Public Defender, *Earle W. White, Jr.,* Deputy Public Defender, of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Addeliar D. Guy,* Deputy District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

A robbery was committed against Frank Dudley at a service station located at Main and Mesquite streets in Las Vegas, Nevada, during the early morning hours on February 23, 1968.

The appellant was charged with the robbery and on July 16, 1968, he was found guilty by a jury. Now he appeals from the judgment entered pursuant to the jury verdict and alleges that the trial court erred (1) when it permitted the respondent to cross-examine the accused's alibi witness regarding testimony given in a prior unrelated case; (2) when it prohibited the appellant from eliciting a previously expressed recommendation from one of the respondent's rebuttal witnesses; and (3) when it permitted the respondent's eyewitness to make an in court identification of the appellant and also to testify regarding his "lineup" identification of the appellant after he had been previously shown a group picture in which the appellant appeared.

We find that all of the appellant's contentions are without merit.

1. Counsel for the state had the duty and obligation as well as the right to test the veracity and credibility of the appellant's witness and his questions put to Betty L. Jacobs were within the bounds of propriety.[1]

Cross-examination of Betty L. Jacobs by Mr. Guy, attorney for respondent:

"Q. Have you ever been a witness in a criminal case before?

"A. Yes.

"Q. And were you a witness for the prosecution or the defense?

---

[1]Cross-examination of Betty L. Jacobs by Mr. Guy, attorney for respondent.

"A.  I was subpoenaed by the State.

"Q.  And at that time what was the charge.

"A.  The same charge, robbery.

"MR. WHITE (for the defendant-appellant herein): Your Honor, I object to this whole line of questioning as being irrelevant [sic], beyond the scope of direct. I have been patient long enough. We have gone into a number of things that don't even start with foundation. I would like to get this narrowed down to things of relevance, if it is at all possible. Whether or not she testified before as a witness for the prosecution is immaterial in this case.

"COURT:  He's talking about credibility.

"MR. WHITE:  Well, this is certainly not the way you deal with an issue of credibility, Your Honor. We have a statement that's been marked in and brought back and placed here and just aimless wandering. Now there's a way, if he wants to attack credibility, to do it, and we certainly respect that, but the way things are going now I'm going to have to object.

"COURT:  It appears that the information sought to be elicited might be extremely prejudicial to the defendant and I anticipate that the probative value of what you will get is not sufficient to warrant this answer. Objection sustained.

"MR. GUY:  Will you read the question back.

"MR. WHITE:  Object to reading the question back. It's an objectionable question and let's go on to something else.

"COURT:  Objection sustained.

"Q.  (MR. GUY) Did you ever give an alibi for any defendant?

"A.  Yes.

"Q.  And was this alibi to the effect that that defendant spent the night with you?

"A.  Yes.

"Q.  And was the charge of that case the charge of robbery also?

"A.  Yes.

"Q.  And how long ago was that?

"A.  A month ago."

A wide range of cross-examination is allowed to test a witness's motives, interest, animus, accuracy, veracity and credibility. Anderson v. Berrum, 36 Nev. 463 (1913); State v. Boyle, 49 Nev. 386, 248 P. 48 (1926).

Here the respondent did not mention the appellant in his cross-examination. The cross-examination placed Miss Jacobs'

motives, interest, accuracy, veracity and credibility squarely before the jury and did not impinge against the appellant. The reference by respondent's counsel in his final argument to the jury to Miss Jacobs' testimony was within the language and scope of her answers on cross-examination and was not excessive.

2. Some time before trial the respondent's witness, Frank Dudley, was shown a group photograph containing a picture of the appellant.[2] The record is unclear as to the exact time when the photograph was exhibited to Dudley. The appellant contends that it was immediately before Dudley viewed the lineup, and the respondent contends that it was shortly after the robbery occurred. The exact time of the viewing is extremely important.

If Dudley was shown the photograph before the accusatory stage of the proceeding the safeguards required by Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), are not involved. In that case we said: "The fact that Wade, supra, [United States v. Wade, 388 U.S. 218 (1967)] involved a post-indictment lineup is not determinative. The right to counsel attached when the prosecutorial process shifts from the investigatory to the accusatory stage and focuses on the accused."

In the absence of a clear indication, in the record, of the exact time when the photograph was viewed by Dudley, we reject the appellant's claim of error and adhere to the rule that every presumption is indulged in favor of the validity of a judgment of a court of general jurisdiction. Daly v. Lahontan Mines Co., 39 Nev. 14, 151 P. 514; 158 P. 285 (1915).

3. We dismiss as frivolous the appellant's contention that the trial court erred when it prohibited him from eliciting from one of the state's rebuttal witnesses a previously expressed recommendation. Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969); Watkins v. State, 85 Nev. 102, 450 P.2d 795 (1969).

The judgment of the district court is hereby affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]The group photograph is not a part of the record.