GEORGE R. McCRAY, AND JAY J. REGAS, APPELLANTS,
v. STATE OF NEVADA, RESPONDENT.

No. 5816

November 3, 1969        460 P.2d 160

*Johnson & Sloan,* of Reno, for Appellant George R. McCray.

*H. Dale Murphy,* of Reno, for Appellant Jay J. Regas.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *C. Frederick Pinkerton,* and *Paul Freitag,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

McCray and Regas were each convicted of robbery. This is a direct appeal from the convictions. We are asked to set them aside for constitutional errors. We find none, and affirm.

1. During one of the trial days before the jury the defendants were ordered to wear the clothing in which they were arrested. This, they argue, violated their Fifth Amendment privilege against self incrimination.

The privilege is not violated by compulsion which makes an accused the source of real or physical evidence. Accordingly, it is permissible to require an accused to put on a blouse that fitted him (Holt v. United States, 218 U.S. 245 (1910)); to submit to a blood alcohol test (Schmerber v. California, 384

U.S. 757 (1966)); and to give handwriting exemplars (Gilbert v. California, 388 U.S. 263 (1967)). Items of clothing worn by the accused may be received in evidence without violating the privilege. Warden v. Hayden, 387 U.S. 294 (1967).

The privilege only protects the accused from being compelled to testify against himself, or from otherwise providing the state with evidence of a testimonial or communicative nature. Schmerber v. California, supra. Testimonial evidence is not involved here. Physical evidence is. Holt v. United States, supra.

The fact that the exhibition occurred during trial rather than at some pretrial point does not alter the application of established Fifth Amendment doctrine. State v. Oschoa, 49 Nev. 194, 242 P. 582 (1926); State v. Ah Chuey, 14 Nev. 79 (1879).

2. We reject out of hand the appellants' claim that a violation of the Fourth Amendment prohibition against unreasonable searches and seizures occurred in this case since we have already ruled on the point. Robertson, McCray and Regas v. State, 84 Nev. 559, 445 P.2d 352 (1968). That ruling established the law of this case. Walker v. State, 85 Nev. 337, 455 P.2d 34 (1969); Graves v. State, 84 Nev. 262, 439 P.2d 476 (1968); State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944).

3. The appellant Regas participated in a pretrial police lineup conducted in the absence of counsel. He had the right to appointed counsel at that time. United States v. Wade, 388 U.S. 218 (1967). A witness who identified him at the lineup later testified in court out of the jury's presence; and the court determined that his in-court identification was based upon observation at the crime scene, was of independent origin, and was untainted by the lineup identification. Clear and convincing evidence supports that determination. The witness testified that Regas held a gun at his head at a distance of about "a foot and a half." For about a minute the witness was "looking right in his (Regas') face." He testified unequivocally that his court identification was based on what he saw at the robbery. This satisfies our law (Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969); Boone v. State, 85 Nev. 450, 456 P.2d

418 (1969)) and the standard established by United States v. Wade, supra. Since the witness did not testify in the jury's presence that he attended a lineup, there was no enhancement of his identification in court; and the problem posed in Gilbert v. California, supra, is not here in issue.

It was equally permissible for the district court to find that due process was not offended by the police lineup conducted in this case. As to this aspect the validity of the confrontation depends on the totality of the circumstances surrounding it. Stovall v. Denno, 388 U.S. 293 (1967). Substantial evidence established that the lineup was not unnecessarily suggestive since the participants were dressed nearly alike and were close to the same height. The lighting was good, and the lineup was conducted the same morning as the robbery which adds weight to its reliability.

All other assigned errors have been considered and are without substance.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.