BILLY DOYLE HAMPTON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5890

December 30, 1969                          462 P.2d 760

*Charles L. Garner,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *George H. Spizzirri,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This court follows the policy of withholding the names of children involved in a criminal action. In this case a 14-year-old girl accused defendant and his companion of compelling her into their car and forcing her to go with them early in the evening of June 18, 1967 in Las Vegas. She testified that despite her resistance which continued throughout the incident defendant first dropped his companion at a residence, then drove her into the desert and committed lewd acts upon her against her will.

After almost two hours he returned her to Las Vegas where she tearfully reported what happened to her sister and brother-in-law with whom she resided. They immediately called the police. One week later the police showed her six photographs from which she identified Hampton as the culprit and he was apprehended.

Hampton appeals from his conviction alleging (1) that there were so many discrepancies in the girl's testimony that all of it should have been disregarded, consequently there was insufficient evidence to justify the conviction, (2) a police lineup in which Hampton appeared was so faulty as to be a denial of due process, and (3) the admission of certain rebuttal evidence was error. As to (3), no objection was made at trial, hence that assertion of error will not be considered.

1. Inconsequential differences in the testimony of a child taken at the preliminary hearing and from the trial are not necessarily so prejudicial as to warrant the verdict of a jury to be set aside. The girl related that Hampton was drinking from a bottle of Coors beer which he threw from the car. The police found the bottle but fingerprints were so smudged that they could not be identified as Hampton's. She said the automobile was a Dodge Charger and that the exterior and interior were of certain colors which were not in fact the actual colors.

However, because of her age, her fright and the tenseness of her situation she is not expected to be accurate to an exact degree. There *was* a Coors beer bottle found at the scene she had described, the auto *was* a Dodge Charger approximate to her description of color and the stereo she also told about was in fact a radio speaker. Her testimony in general was acceptable. People v. Stanley, 433 P.2d 913 (Cal. 1967); Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955).

2. The police lineup was conceded by the state to be defective. Hampton was the only blonde in the group˙ of six males and at six feet two inches tall was clearly a contrast to the others. He had called an attorney before the lineup in the presence of the police and was advised not to appear in the lineup, but he did so anyway without counsel upon police inducement. The lineup under those circumstances was patently defective and flaunted a long line of authority. Jones v. State, 85 Nev. 53, 450 P.2d 139 (1969); United States v. Wade, 388 U.S. 218 (1967); Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969); Hamlet v. State, 85. Nev. 385, 455 P.2d 915 (1969); Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969); McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969); Stovall v. Denno, 388 U.S. 293 (1967); Gilbert v. California, 388 U.S. 263 (1967). Although Hampton's counsel did not object to the evidence of the lineup or to the in-court identification during the trial but merely chose to cross-examine upon it, the point was preserved on appeal because the trial court astutely applied People v. Ibarra, 386 P.2d 487 (Cal. 1963), and allowed the point to be raised on a motion for retrial.

In some cases the proceeding leading to an eye-witness identification may be so defective as to make the identification constitutionally inadmissible as a matter of law. Foster v. California, 394 U.S. 440 (1969). But we then look to Chapman v. California, 386 U.S. 18 (1967), and find that the invalid lineup was harmless error for the reason that defendant was in fact identified from sources independent of the lineup.

The trial judge ruled, ". . . The testimony of the prosecuting witness, that she had spent approximately an hour and one-half with defendant and had passed through lighted areas while being driven in defendant's automobile by defendant is clear and convincing proof that defendant's identification in

court was not tainted by the irregularities of the lineup." We agree. The point of the case was identification and the accumulated accuracies of the girl's testimony abundantly support the jury's verdict.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.