## FREDDIE LEE RIDLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

### No. 5923

February 3, 1970                    464 P.2d 500

*James D. Santini,* Public Defender, and *George D. Frame,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Charles E. Thompson,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Freddie Lee Ridley was convicted by a jury of violation of NRS 205.090, the crime of forgery.

At 11:30 a.m., April 1, 1968, three men drove to the drive-in window of the Sahara-Rancho Branch of the Nevada Bank of Commerce in Las Vegas. The lone occupant in the back seat presented the checking account passbook of James L.

Traver to the teller, Phyllis Enns, and requested that she withdraw $200.00 for him. He explained that he did not have a check blank so she filled out a bank check for him and presented it to him for his signature. After he signed the check Mrs. Enns, suspicious, referred the check to the Operations Officer, Mr. John Burdell, who was standing near her and watching the proceedings. When the signature on the check did not match the records of James Traver's signature Burdell noted the auto's license number and requested some identification from the person who signed the check who replied that he had none with him. Surreptitiously Burdell called the police giving them a description of the car with the license number and of the three occupants. In the meantime the three drove off, but within minutes were stopped by policemen who had received a radio report of the forgery. The occupants of the car and the automobile matched the descriptions given them and they were arrested. Later in the afternoon, while Ridley was in custody, the police brought three photos to show Mrs. Enns. She identified all three—one being the driver, one being the passenger in the front seat and the third of Ridley as the man in the rear seat.

At the trial Ridley testified that he was bowling and playing pool in the vicinity of the bank and that two of his friends gave him a ride on his way home. He denied any complicity in the forgery. However, in addition to the testimony of Mrs. Enns and Burdell, the police officers were positive in their identification of Ridley as the man in the rear seat of the automobile and who answered to the description given them, and James Traver testified that his passbook had been missing for several days before the attempted forgery had occurred and that he had so notified the bank.

The jury found Ridley guilty of forgery. He appeals on the sole ground that the eyewitness testimony of Mrs. Enns was tainted by the pretrial identification while he was in custody and without benefit of counsel.

The prosecution concedes that under our decision in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), the photo identification was invalid since it took place while Ridley was in custody and no counsel was present when the photographs were shown to Mrs. Enns. Nevertheless her in-court identification was positive and unequivocal. She testified that she recognized Ridley from her own eyewitness observation even though the entire confrontation took only a matter of minutes. Were we to discount her testimony, still that of Mr. Burdell was

equally convincing and he had not been shown any pictures at all. Burdell was present during the transaction and it was he who notified the police of the descriptions of the occupants of the car, the license number and also described the automobile. The length of time that an observer is held to have seen the persons or things observed is not always the criterion for identification. One good look can be sufficient for competent eyewitness testimony. Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969); see also Simmons v. United States, 390 U.S. 377 (1968); McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969); Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969); Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969).

The conviction is affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.