HOLLIS CARMICHEL, APPELLANT, *v.* STATE
OF NEVADA, RESPONDENT.

No. 6009

March 25, 1970                    467 P.2d 108

*James D. Santini,* Public Defender, and *Robert G. Legakes,*
Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,
Jr.,* District Attorney, and *Richard D. Weisbart,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

By this direct appeal we are asked to set aside Carmichel's
robbery conviction for the sole reason that the trial court
refused to suppress the in-court identification of him by the
victim whose pretrial identification was made from photographs

submitted by the police and in the absence of his counsel. We decline to do so and affirm the judgment entered below.

When the victim viewed the photographs, Carmichel was in custody, and the prosecutorial process apparently had focused upon him. He was without counsel and had not waived his right to counsel. The photographs were not offered to the trial court and consequently are not before us. Thus, it is not certain whether they contained the possibility of irreparable suggestion, although the testimony regarding them, received without objection, does not indicate unfairness. Within this context our opinion in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), is relevant. We there held that a lineup of photos and a lineup of persons are to be accorded the same treatment insofar as the constitutional safeguards required by United States v. Wade, 388 U.S. 218 (1967), are concerned; i.e., the presence of counsel, a waiver thereof, or an adequate substitute for his presence. Without such protection or a waiver of it, constitutional error occurs.

Constitutional error occurred in the case at hand since the photographic identification was made in the absence of defense counsel whose presence was not waived and the photographs were not presented to the court for its study, and the study and cross-examination of defense counsel. Thompson v. State, supra. Thus, it is our task to decide in the first instance [Foster v. California, 394 U.S. 440 (1969)] whether this error is harmless under the standard of Chapman v. California, 386 U.S. 18 (1967).

There is nothing to intimate that the in-court identification by the victim was tainted by his pretrial photographic identification. The in-court identification had a solid independent origin. The victim and Carmichel were together for two or three hours before the robbery. They had previously known each other in jail. The identity of Carmichel as the perpetrator of the crime was not controverted. He did not testify in his own defense. The evidence pointing to his guilt is strong and convincing. The scanty testimony about the photographs does not indicate that they may have been "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be a denial of due process of law. Stovall v. Denno, 388 U.S. 293, 302 (1967); Simmons v. United States, 390 U.S. 377 (1968); McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969). The error was harmless.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.