JOSEPH RILEY, JR., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5914

April 15, 1970                                    468 P.2d 11

---

[2]See Article 6, Section 7 of the Nevada Constitution and Ex parte Wonacott, 27 Nev. 102, 73 P. 661 (1903).

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Larry C. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This appeal from a jury conviction of the crime of Grand Larceny, seeks review of the trial court's determination that appellant's courtroom identification by an eye witness to the crime was not tainted by an earlier confrontation or police lineup. We affirm the ruling and the conviction.

On October 29, 1968, Louis Oloff, desk clerk at the Four Queens Hotel in Las Vegas, saw a man removing money from a cash drawer at the front desk of the hotel. At that time Oloff was 12–15 feet away from the thief who was in a brightly lit area. The thief was in view for about seven seconds or less before he ran downstairs and disappeared from view. Oloff saw him again on the street before he disappeared around a corner.

A short time later the police arrived to take Oloff to the police station. Enroute to the police station two stops were made to have Oloff look at suspects who had been apprehended. Oloff immediately cleared the first suspect because he

was too short and was dressed wrong. The second suspect, the appellant here, was identified by Oloff as the culprit. Later, a lineup was held at the police station and Oloff again identified appellant as the thief he had seen in the cash drawer. In connection with those two instances of identification, appellant had neither been provided counsel nor waived the right.

At the trial, a motion to suppress was granted in part and Oloff was barred from testifying concerning his identification at the confrontation or the police lineup. Also, during the trial a hearing was held out of the presence of the jury, and the trial judge determined that Oloff's courtroom identification was not tainted by the confrontation or by the police lineup.

In United States v. Wade, 388 U.S. 218 (1967), the Supreme Court said that where evidence of identification at a lineup was inadmissible, the courtroom identification would not be excluded if it could be shown "by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." 388 U.S. at 240.

We have held in several recent cases the trial court's determination that an in-court identification was not tainted by pretrial confrontation or lineup will be upheld if there is evidence to support such a finding of the type and quality required by *Wade*. E.g., McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969); Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969).

We have reviewed the record in this case, and the lower court's finding and ruling are supported by clear and convincing evidence.

Conviction affirmed.