GREGORY WYAND, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 6021

June 19, 1970                              471 P.2d 216

*James D. Santini,* Public Defender, *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Lorin D. Parraguirre,* Deputy District Attorney, Clark County, for Respondent.

**O P I N I O N**

By the Court, BATJER, J.:

The appellant was convicted by a jury of an attempted robbery at the Atomic Liquor establishment in Las Vegas, Nevada. This appeal is taken from the judgment of conviction.

During the trial, Clovis George Duclos, the bartender, and George Hakata, a customer, testified that when the appellant first came into the bar brandishing a rifle and shouting "This is a stick-up, give me your money," that his face was covered with a towel or shawl, however, when he leaped up on the bar, he removed the face cover and both were able to clearly see his facial features from a distance of six or seven feet. They testified that the lighting was sufficient and that they observed him for about one-half a minute.

The bartender further testified that the appellant had been in the bar earlier on the morning of the attempted robbery, that he remained there for approximately forty-five minutes, that he had served him several drinks, and that he recognized him as being the same person who had attempted to rob him.[1] Sharon Bishop, a rebuttal witness, testified that she had first met the appellant when she was in the sixth grade. She further

---

[1] The robbery was unsuccessful because the bartender threw bottles at the would-be robber and caused him to flee the premises.

testified that she had seen him from time to time since then, and that she had seen him in the Atomic Liquor establishment earlier on the morning of the attempted robbery, and that they had spoken to each other.

At the beginning of the trial it was brought to the attention of the trial judge that both the bartender and his customer had gone to the police station after the attempted robbery, and sometime after the appellant had been apprehended, and were shown a photographic display from which the appellant's picture was selected by each of them. At the time of the photographic display the appellant was without counsel and had not waived his right to counsel. The state conceded that none of the requirements of Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), had been met.[2]

The trial judge held an evidentiary hearing where Duclos and Hakata both testified extensively about their opportunity to observe the appellant at the scene of the crime, as well as what took place at the police station when they observed the photographic display and selected the picture. Although the photographs used in the display were not preserved and were therefore not before the trial court, nor a part of this record, nevertheless, the record reveals that the photographs were shown to the witnesss on the first or second day after the commission of the offense. The record further reveals that ten or twelve pictures were shown, that they were of the same size and were all of persons of the same race, showing the upper one-half of the body of each person. The witnesses viewed the photographs at different times and the police made no suggestion that one of the persons shown in the photographs was the suspect. Not until each witness had made a selection did the police reveal that they had a suspect. At the evidentiary hearing both witnesses identified the appellant as the would-be robber.

The trial judge found that their in-court identification was based on their observations at the scene of the crime and not upon the photographic display, and allowed them both to testify, before the jury, about their observations at the scene of the crime and to identify the appellant as the robber. The trial judge would not allow any testimony about the photographic display, therefore we have no problem of a constitutional error per se. Gilbert v. California, 388 U.S. 263, 87

---

[2]Either (a) the presence of counsel at the photographic display or (b) guidelines for proper photographic identification procedures and preservation competently, in a legal sense of the photographs that are displayed to witnesses.

S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Thompson v. State, supra.

The appellant contends that the photographic display was so suggestive that he was denied due process, and that he was denied his right as guaranteed by the Sixth Amendment of the United States Constitution, to cross-examine the state's witness because the photographs used in the photographic line-up were not preserved. He asks us to set aside his conviction because the trial court refused to suppress the in-court identification of him, by Duclos and Hakata, because they had made a pretrial identification of him from photographs shown to them by police officers in the absence of his counsel. This we refuse to do. Cf. Long v. United States, 424 F.2d 799 (CADC 1969); United States v. Sutherland, 428 F.2d 1152 (5 Cir. 1970); Green v. United States, 426 F.2d 661 (CADC 1970).

The facts, the assignments of error, and the contentions of law found in Carmichel v. State, 86 Nev. 205, 467 P.2d 108 (1970), are strikingly similar to those found here. Upon the authority of that case we affirm.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.