CHERRYL L. UPPINGHOUSE, JERRY B. UPPINGHOUSE AND PHILLIP C. AYALA, APPELLANTS, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6233

September 8, 1970                                474 P.2d 148

*James D. Santini,* Public Defender, *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellants.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On September 25, 1969, the appellants were arrested for possession of marijuana and a preliminary examination was held on October 14, 1969. At the preliminary examination Parker McManus, an officer in the Las Vegas police department testified that at approximately 10:45 p.m. on September 25, 1969, he and officer Litton pulled along the left side of a Volkswagen bus in Las Vegas. At that time they detected an odor of marijuana coming from the bus. The officers kept the vehicle under surveillance and drove along side of it for approximately five blocks, then required it to stop. McManus approached on the driver's side and asked the driver to step from the bus. There was a very strong marijuana odor coming from the vehicle as the driver opened the door. A search of the vehicle was immediately conducted and a substantial quantity of freshly cut marijuana was discovered in the back of the bus underneath a blanket. The appellants were then placed under arrest for possession of narcotics, and several plastic bags containing the freshly cut green marijuana leaves and stems were impounded. The bags were approximately two feet in diameter and three feet long, and in the aggregate weighed about 250 pounds.

The identification bureau of the Las Vegas police department was notified and they photographed the bus and the plastic bags. The bags were then transported to the Las Vegas police department where they were re-bound in other plastic bags, sealed, initialed and placed into the evidence vault. The bags and their contents were in substantially the same condition when they were placed into the evidence vault as they were at the time of their seizure.

On September 28, 1969, Paul Richert, a chemist for the Las Vegas police department, went to the evidence vault and examined 14 sealed plastic bags. He took samples from each bag, put them in separate containers and initialed the containers, then he took them to the identification bureau where he made tests and determined that the substance in each sample was marijuana. After the testing had been completed Richert placed each specimen in a separate envelope and placed them in the Las Vegas police department narcotics locker.

By October 12, 1969, the green marijuana in the plastic bags had started to ferment, so Richert went to the evidence vault, took an additional sample from each bag, then put those samples in the narcotics locker with the samples previously taken. Upon the orders of the district attorney's office, the remaining marijuana was taken from the evidence vault and destroyed. The samples were taken by Richert to the preliminary examination and admitted into evidence.

At the conclusion of the preliminary examination the appellants were bound over to district court on the charge of possession of narcotics, a felony. Subsequently they filed a petition applying for a writ of habeas corpus. After a hearing, that petition was quashed by the district court.

The appellants claim that their constitutional rights to confront witnesses and cross-examine them under the Sixth Amendment of the United States Constitution had been violated when most of the marijuana originally seized was destroyed and only the samples were introduced into evidence at their preliminary examination. In support of their contentions the appellants cite Pointer v. Texas, 380 U.S. 400 (1965); Douglas v. Alabama, 380 U.S. 415 (1965); and State v. Boyle, 49 Nev. 386, 248 P. 48 (1926).

We are familiar with the cited cases and they do not even remotely support the appellants' contention. Possession of the narcotic marijuana is the offense, and the quantity possessed is immaterial. NRS 453.330. There was no limitation placed on the appellants' right to cross-examine the state's witnesses. The destruction of the surplus marijuana had absolutely no adverse effect on the appellants' case. Apparently the appellants would have had the respondent preserve the entire 250 pounds of fermenting marijuana in order to introduce all of it, in its odoriferous state, at the preliminary examination. If that procedure was to be required at the preliminary examination the state would be required to produce a more advanced state of

fermented marijuana at the trial of the case. We deem further comment inappropriate.

The appellants further contend that the prosecution failed to establish a proper identification or sufficient chain of custody to justify the introduction of the marijuana samples into evidence. In particular they question Richert's identification of the plastic bags from which he took the samples as the same ones seized by the officers. Richert examined a photograph of the plastic bags taken at the scene of the seizure and identified them as the same ones from which he took the samples. It would be extremely difficult for anyone to misidentify 14 plastic bags some two feet in diameter and three feet long stuffed with green leaves and stems when they were the only ones in the evidence vault.

Within the scope of the holdings of this court, in Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968); Oliver v. State, 85 Nev. 10, 449 P.2d 252 (1969); Eisentrager v. State, 79 Nev. 38, 378 P.2d 526 (1963), and Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962), we find the chain of evidence in this case to be more than adequate. See also State v. Clarke, 48 Nev. 134, 228 P. 582 (1924), and Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970). We deem this appeal to be frivolous and affirm the order of the district court. Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969), and Watkins v. State, 85 Nev. 102, 450 P.2d 795 (1969).

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.