WILLIAM SYLVESTER CORBIN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6292

May 13, 1971                                484 P.2d 721

[Rehearing denied June 15, 1971]

*Robert G. Legakes,* Public Defender, and *David M. Schreiber* and *Thomas D. Beatty,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, *Raymond D. Jeffers,* Chief Deputy District Attorney, and *George D. Frame,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

The appellant was convicted by a jury of the crime of attempted robbery. On appeal he contends that his constitutional right to counsel was denied when the victim of the attempted robbery was permitted to view the appellant from a photographic display prior to the trial without the presence of counsel for the appellant. From that photographic display, the victim identified the appellant, who was at that time in the custody of the Las Vegas police department.

At the trial, the victim's testimony was that she was in the presence of the appellant for a period up to 5 minutes, while it was daylight, at distances as close as 3 feet, in the well-lighted lobby of a motel; and she was able to describe accurately the type of clothing worn by her attempted assailant, as well as the color of that clothing.

The court conducted a hearing out of the presence of the jury, for the purpose of ascertaining whether or not the identification testimony had been tainted by the pretrial photographic display. At that hearing, the State produced the only photograph from which the witness was able to pick out the appellant. She had been shown some 10 or 12 others, but she could identify the appellant in that one only. She testified that her identification of the appellant was based solely upon her observation of him during the attempted robbery, and not upon what she saw in the photograph. After that evidentiary hearing, the court ruled that the witness's identification was independent from the photographic display, and thus not tainted.

The evidentiary hearing conducted by the court was in compliance with our suggested procedure as set forth in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), and there is no evidence of improper suggestion or irreparable misidentification from the pretrial photographic display. The testimony of the witness was clear and convincing proof that her in-court identification of the appellant was independent of the pretrial photographic display, and thus the former was not tainted by the latter. Consequently, there was no error.

216

The appellant also contends that there was not sufficient evidence to support the verdict of guilty. We have examined the testimony and find that this contention is without merit. The appellant sought to establish an alibi to show that the crime was not committed by him. By its verdict, however, the jury found the alibi evidence to be unpersuasive, and there was substantial competent evidence to support the verdict rendered. State v. Oschoa, 49 Nev. 194, 242 P. 582 (1926).

Affirmed.