# DENNIS MARSHALL, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

## No. 6658

September 23, 1971                    488 P.2d 1157

*Alan R. Johns,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On January 22, 1971, an executive warrant was issued by the Governor of the State of Nevada, for the arrest of the appellant and his delivery to the State of California. Pursuant to that warrant the appellant was arrested. He was admitted to bail, and upon the denial of his petition for a writ of habeas corpus, he has appealed.

The appellant had been charged by information filed in California with the crimes of unlawful possession of narcotics, unlawful possession of dangerous drugs, and public intoxication. There had also been a bench warrant issued for his arrest. The Nevada executive warrant recited that the appellant was charged with violations of certain numbered sections of the California Penal Code, without reciting the specific crimes charged by their descriptive names, and the appellant thus contends that the executive warrant is defective for failure to adequately inform him of the charges. The appellant further contends that there are other deficiencies in the extradition documents that render them fatally defective, but no cases are cited in the appellant's brief, and he cites no substantial authority in support of his position.

As a result this court has had thrust upon it the responsibility and burden of making its own independent examination of the executive warrant and the underlying extradition documents, to determine if they are valid under NRS 179.177–179.235. We have reviewed the record for that purpose, and we find no apparent deficiencies. Thus the executive warrant is presumed to be valid, and the appellant has failed to carry his burden of overcoming the prima facie existence of every fact the Governor was obliged to determine prior to the issuance of the executive warrant. Jernigan v. Sheriff, 86 Nev. 387, 469 P.2d 64 (1970).

As we said in Sheriff v. Thompson, 85 Nev. 211, 452 P.2d 911 (1969), "[T]he purpose of the documents required by NRS 179.183 is to establish probable cause for believing that an offense has been committed in the demanding state by the accused. . . . Legal technicalities are disregarded. . . ." Moreover, the court must apprise the accused of the crimes charged, in accordance with NRS 179.197, before his delivery to the demanding authority can be accomplished. Thus we find that the appellant's contentions are without merit.

We have previously held that assignments of error urged by an appellant as grounds for reversal will not be considered absent supporting authority, or upon a failure of the appellant to argue the point, unless error is so unmistakable that it reveals itself upon a review of the record. Riverside Casino Corp. v. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970); Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971).

The record here does not manifest error. Accordingly, without the citation of supporting authority the appeal is frivolous in nature, and should be addressed by the respondent in the manner outlined by Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969); Watkins v. State, 85 Nev. 102, 450 P.2d 795 (1969); and Cousineau v. Warden, 87 Nev. 254, 484 P.2d 1098 (1971). Because that course was not followed the appeal has been submitted for consideration on its merits, and we affirm the district court's order denying habeas corpus.

Affirmed. Remittitur shall issue forthwith.