LARRY MAURICE MOSS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6590

January 25, 1972                           492 P.2d 1307

---

*James F. Sloan,* of Reno, for Appellant.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

A jury convicted Moss of obtaining money by false pretenses [NRS 205.380], and attempting to obtain money by false pretenses [NRS 208.070]. We affirm the convictions since none of the assigned errors has merit.

An 88-year-old widow, Alma Clarke, received a telephone call from a "Mr. Allen" who represented himself to be a federal bank inspector. He informed Mrs. Clarke that someone at the bank was tampering with her account and asked her to withdraw $4,800 to facilitate the culprit's capture. She did so. Upon returning to her home the telephone rang. The call was from "Mr. Allen" who said that his deputy "Mr. Baggs" would be by shortly to pick up the money. Mr. Baggs soon arrived, received the money from Mrs. Clarke and departed. Mrs. Clarke became suspicious, telephoned the bank, and was instructed to contact the police. The officer requested her to let him know should she receive another call from "Allen."

The next day "Allen" called and informed Mrs. Clarke that her money had been redeposited, but that another withdrawal was necessary in order to catch the culprit. She notified the police and her home was placed under surveillance. A sham transaction was arranged with the bank whereby Mrs. Clarke would go through the motions of withdrawing $4,500. The police were at her home when she returned from the bank. Within an hour they observed an automobile drive in to the alley near her home. Two men were in the car. One of them exited from the car and walked to the front door of Mrs. Clarke's home where he was confronted by a police officer. Mrs. Clarke came to the door and identified that man, the appellant here, as the man to whom she had delivered $4,800 the day before using the name of Baggs. He was thereupon arrested and advised of his rights.

It is apparent that there exists substantial evidence to support each conviction and the assigned error on that basis is dismissed out of hand. We turn briefly to consider the other claimed errors.

1. The on-the-scene identification of appellant by the victim, in the absence of counsel, is challenged as violative of the doctrine announced in United States v. Wade, 388 U.S. 218 (1967), and its companion cases of Gilbert v. California, 388 U.S. 263 (1967), and Stovall v. Denno, 388 U.S. 293 (1967). In Wade, the accused was exhibited to witnesses before trial at a post-indictment lineup conducted for identification purposes without notice to and in the absence of the accused's appointed counsel. In these circumstances the court ruled that the lineup was a critical stage of the criminal proceeding and the accused had the right to the assistance of counsel. In Gilbert, the Supreme Court applied the doctrine of Wade to state court trials. And in Stovall, the court denied retroactivity to Wade

and ruled that it would only be applied to confrontations occurring after June 12, 1967. None of those cases involved an on-the-scene identification of the suspect by the victim. In Nevada we have extended the Wade doctrine to embrace a lineup which occurs before the filing of formal charges if the prosecutorial process has shifted from the investigatory to the accusatory stage and has focused upon the accused. Thompson v. State, 85 Nev. 134, 138, 451 P.2d 704 (1969); Lloyd v. State, 85 Nev. 576, 460 P.2d 111 (1969).

We have not, however, had occasion to consider an on-the-scene identification of the suspect by the victim.[1] We hold that the Sixth Amendment is not violated when the identification by the victim immediately follows apprehension of the suspect by the police. Here, the appellant was attempting to commit a criminal act when apprehended and immediately identified. The proximity of the time of the commission of the crime to the time of confrontation of the appellant and victim was almost instantaneous. Cf. State v. Meeks, 469 P.2d 302 (Kan. 1970); State v. Jordan, 274 A.2d 605 (Sup.Ct.N.J. 1971). The confrontation here was neither a "lineup" within the contemplation of Wade, nor a "showup" within the intendment of Stovall. Nor can it realistically be said to be so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny due process. Stovall v. Denno, supra; McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969).

2. Two employees of the bank made a pretrial photographic identification of the appellant in the absence of his counsel, and later identified him in court. Each testified explicitly that his in-court identification was wholly independent of the photographic identification, and was based upon observation of the appellant when he was in the bank. The court, at the conclusion of a hearing in the absence of the jury, found that the identification of each witness had a solid origin independent of the photographs and that such independent origin was established by clear and convincing evidence. Although the photographic lineup should not have been conducted in the absence of counsel, Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), the in-court identification testimony was properly

---

[1]See: Riley v. State, 86 Nev. 244, 468 P.2d 11 (1970); Tucker v. State, 86 Nev. 354, 469 P.2d 62 (1970); McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969); Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969); Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969); Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969).

received. Hernandez v. State, 87 Nev. 553, 490 P.2d 1245 (1971); Corbin v. State, 87 Nev. 214, 484 P.2d 721 (1971); Ridley v. State, 86 Nev. 102, 464 P.2d 500 (1970); Wyand v. State, 86 Nev. 500, 471 P.2d 216 (1970); Carmichel v. State, 86 Nev. 205, 467 P.2d 108 (1970); Lloyd v. State, 85 Nev. 576, 460 P.2d 111 (1969); Thompson v. State, supra.

3. Defense counsel failed to object to several telephone conversations which the victim had with "Mr. Allen." These conversations linked appellant as "Mr. Baggs" with the acts constituting the crimes with which he was charged. His effort to now object comes too late. Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

4. During summation to the jury the prosecutor commented that the State's evidence was uncontradicted. The comments were within permissible limits. Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965). His comments were factually correct, and did not refer to the accused specifically. The State's case may be contradicted by witnesses other than the accused if such witnesses exist. Consequently, we will not construe the comments here involved as an infringement upon the accused's Fifth Amendment privilege against self-incrimination.

Affirmed.

Zenoff, C. J., and Batjer, Mowbray, and Gunderson, JJ., concur.