FREDDIE McROY, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6608

May 1, 1972                                    496 P.2d 162

*Rogers, Whitney, Lea & Woodbury,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy Woofter,* District Attorney, *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On August 22, 1969, appellant was charged by criminal complaint with the crime of burglary. An information was filed following a preliminary hearing to which the appellant entered a plea of not guilty. At trial the arresting officers testified that they observed the appellant and a companion leave by the back door of the burglarized premises and that after a short pursuit the appellant and his companion were captured. A window on the premises had been broken by a large brick, the cigarette machine inside the building had been damaged and pried open, and at the time of his arrest the appellant had in his possession keys that had been left by the manager inside the building. A jury returned a verdict of guilty and the appellant was sentenced to serve a term not exceeding five years in the Nevada state prison. On December 30, 1969, a notice of appeal from the judgment of conviction was filed. During all of the proceedings in the trial court and during the appeal from his conviction, appellant, an indigent, was represented by the Clark County Public Defender who had been court appointed. The deputy public defender who handled the trial and appeal for appellant filed an opening brief with this court in which he summarized the testimony of each witness at the trial and by way of argument stated that: "This brief is filed as required by Anders v. California, 386 U.S. 738 (1967), and Sanchez v. State, 450 P.2d 793 (Nev. 1969). The evidence presented to the jury was insufficient in law to sustain a judgment of conviction for burglary."

At the time the brief was filed the deputy public defender wrote to the appellant, enclosed a copy of the brief, and advised him that it had been filed: "Pursuant to the requirements of Anders v. California."

On March 6, 1970, the state filed its motion to dismiss the appeal based on the brief filed on behalf of appellant. This court granted the motion and dismissed the appeal. No request to withdraw as counsel was ever filed by the office of the public defender.

On July 14, 1970, appellant filed his petition for post-conviction relief, contending that his representation by the public defender in the appeal from his conviction was faulty and inadequate and that pursuant to the *Anders'* doctrine he had been denied due process, equal protection of the laws and effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the Constitution of the United States. The petition was denied by the district court on September 10, 1970, and notice of appeal was filed by the appellant in proper person on October 6, 1970. Present counsel was appointed on March 3, 1971 to represent the appellant on this appeal from the denial of post-conviction relief.

The appellant, relying on Anders v. California, supra, contends that the trial court erred in denying his petition for post-conviction relief because (1) his court-appointed counsel failed to request a withdrawal and failed to give him notice that he believed the appeal to be frivolous or without merit, (2) his court-appointed counsel failed to inform him that he had the right to present to the appellate court any arguments he might choose to raise himself, and (3) he was not given access to the transcript of his trial nor any part of the record on appeal. He further contends that court-appointed counsel failed in the *"Anders'* brief" to refer to any of the matters in the record which might have arguably supported the appeal, and as a result he was denied due process of law, equal protection of the laws and effective assistance of counsel.

The appellant reads into *Anders* much that cannot be found in that case. He contends that his court-appointed counsel is required to notify him that counsel believed the appeal to be frivolous or without merit and that appellant had the right to present any arguments he might choose to raise on his behalf. It is only suggested in *Anders,* supra at 744, that "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." On February 20, 1970, counsel sent the appellant a copy of the brief which he filed with this court. To and including March 24, 1970, when we dismissed his appeal from the burglary conviction, the appellant neither through court-appointed counsel nor *pro se* raised any additional issues to be considered on appeal.

The appellant further contends that he was not given access to the transcript of his trial nor any part of the record on appeal. At no time before the order dismissing his appeal was entered did the appellant make an effort to obtain a copy of the transcript or the record from either the public defender or from this court. Absent a showing that he was denied access to a copy of the transcript and record, we are without any basis whatsoever upon which to consider whether the appellant was denied due process or equal protection of the law. Cf. Wade v. Wilson, 396 U.S. 282 (1970). In Gay v. State, 87 Nev. 540, 490 P.2d 666 (1971), this court ordered that a transcript be supplied to Baron Kent Gay, who was determined to be indigent.

The appellant also contends that the failure of the public defender to withdraw as his attorney was in violation of *Anders*. In Sanchez v. State, 85 Nev. 95, 97, 450 P.2d 793 (1969), this court said: "We will remove some of the circuitous requirements of Anders, supra, in order that the litigants, counsel and the court can expeditiously get to the point of each case with a minimum of procedural steps and still afford the maximum of constitutional protection to the defendant. Appointed counsel for a defendant who demands an appeal need not file a request to withdraw if he feels there is no reversible error to argue on appeal. If after a conscientious examination of the record counsel believes that the appeal is frivolous, then he must file the opening brief on the merits of all arguable issues raised by the record together with an acknowledgment that he does not believe there is merit to the appeal. Thereafter the state may either answer in normal course or move to dismiss the appeal as frivolous, but a motion to dismiss must be accompanied with points and authorities in support of the claim of frivolity."

Our holding in *Sanchez* does not, as the appellant contends, depart from the requirements of *Anders* except in the particular that we do not require appointed counsel to request permission to withdraw. In *Anders,* supra at 744, the High Court said: "Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—

not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

In our order of dismissal filed in McRoy v. State (Nevada Supreme Court case No. 6146), we said: "We have given full consideration to the appellant's brief and to the record on appeal, and we find there is substantial competent evidence in the record to support the jury verdict below." In that order we were not expressing mere idle words. *Anders* has been complied with in every respect, except the suggestion that appointed counsel request withdrawal and in that respect the procedures set out in *Sanchez* have been satisfactorily met.

The public defender having furnished the appellant with a copy of his brief, and the appellant having been allowed a reasonable time within which to raise any points that he chose in support of his appeal from conviction and having failed to respond thereto, this court in consideration thereof and upon a full examination of the proceedings properly concluded in its order of March 24, 1970, that the appeal from the conviction was frivolous.

The district court's order denying application for postconviction relief is affirmed.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.