TYRONE MELTON REED, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6885

April 9, 1973                                   508 P.2d 2

*Gary A. Sheerin,* State Public Defender, and *Richard Bennett,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This appeal is taken from an order of the district court denying post-conviction relief to Tyrone Melton Reed who, on October 15, 1968, had been convicted of robbery and sentenced to a 15 year term in the state penitentiary. No appeal was ever taken from the judgment of conviction.

The thrust of appellant's contention on appeal is that his constitutional rights were violated because he was not afforded counsel at two "lineups" which were conducted before he was charged with the offense.

On June 13, 1967, four persons, described at trial as "colored" males, robbed a Stop and Go market in Las Vegas. The manager of the store, and his wife, victims of the robbery, gave police the descriptions of the suspects who were in the store 10 or 15 minutes shortly before closing time, and of the automobile they were driving. Based on the descriptions the vehicle was stopped by the police and its occupants were taken to the police station where a lineup was conducted. For reasons not apparent in the record only one of the victims viewed the first lineup. The following day another lineup was conducted for

viewing by the other victim. Reed was positively identified at each lineup, at the preliminary examination and at the trial. He was not charged with the offense until after the second lineup.

1. In view of the decision in Kirby v. Illinois, 406 U.S. 682 (decided June 7, 1972), and our opinion in Baker v. State, 88 Nev. 369, 498 P.2d 1310 (decided June 21, 1972), the lack of counsel at the lineups did not infringe upon appellant's constitutional rights.

2. Although *Kirby* and *Baker* establish that there is no constitutional right to counsel at an identification lineup conducted before commencement of any prosecution whatever, both cases recognize that under Stovall v. Denno, 388 U.S. 293 (1967), the Due Process portion of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification. This record contains no suggestion that either lineup was conducted within the proscription of *Stovall*.

The judgment is affirmed.