JEPTHA MARVIN BROWN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8076

December 5, 1975                     542 P.2d 1068

*Morgan D. Harris,* Public Defender, and *Keith E. Galliher,
Jr.,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, and *Thomas D. Beatty,* Assistant District
Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted of robbery, appellant filed this appeal wherein he
contends: (1) he was entitled to counsel at the crime scene
identification; and (2) the identification violated due process
standards. We reject both contentions.

On April 19, 1974, a robbery occurred at Sammy's News
Stand in Las Vegas. The store clerk immediately contacted the
police and provided a detailed description of the suspect. A
patrolman spotted a man matching the description running into
the Golden Hotel near the newsstand. When the officers

778

knocked, appellant answered his hotel room door and was immediately arrested. Shortly thereafter, the store clerk identified appellant at the crime scene.

1.  We reject appellant's contention that he was denied his sixth amendment right to counsel at the crime scene identification. The right does not exist where the accused has been arrested on probable cause and prior to the commencement of any prosecution. Reed v. Warden, 89 Nev. 141, 508 P.2d 2 (1973); Spencer v. State, 88 Nev. 392, 498 P.2d 1335 (1972). Cf. Kirby v. Illinois, 406 U.S. 682 (1972).

2.  We also reject his contention that the crime scene identification was so suggestive as to violate due process. Cf. Stovall v. Denno, 388 U.S. 293 (1967). We doubt the identification violates due process, but it is unnecessary to decide the issue. After a full evidentiary hearing, the district judge found the in-court identification was based on observations independent of the crime scene lineup. For example, the store clerk observed the robber for approximately 25 minutes during two separate times he was seen in the store. She provided a detailed description of his features and clothing. This evidence amply supports the district court's determination that the in-court identification had independent origin. Riley v. State, 86 Nev. 244, 468 P.2d 11 (1970); McCray v. State, 85 Nev. 597, 460 P.2d 160 (1969).
Affirmed.