## LAWRENCE ANDERSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8264

January 23, 1976                               544 P.2d 1200

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, and *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After a jury trial, appellant stands convicted of rape and the infamous crime against nature. Appellant here contends: (1) the district court erred in not suppressing an identification by the victim; (2) the district court erred in denying appellant's motion to prohibit impeachment by using prior felony convictions; and, (3) the mandatory life sentence for committing an infamous crime against nature constitutes cruel and/or unusual punishment violative of the Federal and Nevada Constitutions. We disagree.

The evidence adduced at trial shows that appellant forced his way into the victim's apartment, forcibly committed the charged offenses, and threatened to kill her if she reported the incident. On the day of the crime, the police brought appellant back to the scene where he was identified by the victim.

1. Appellant alleges that he was entitled to counsel at the crime scene identification, and that the identification was so suggestive as to violate due process standards.

The crime scene identification was prior to any prosecution whatever. Thus, the claimed right to counsel does not exist. Brown v. State, 91 Nev. 777, 542 P.2d 1068 (1975). Cf. Kirby v. Illinois, 406 U.S. 682 (1972).

We also reject the contention that the identification violates due process. Cf. Stovall v. Denno, 388 U.S. 293 (1967).

After viewing four or five other men of similar build and dress, the victim identified appellant. The State demonstrated by clear and convincing evidence, both at the evidentiary hearing and at trial, that the victim's identification was based on observations independent of the crime scene identification. Thus, assuming improprieties in the process through which appellant originally was shown to the victim, and by which due process could have been offended, it appears the trial court identification was free from taint in the instant case. Cf. Brown v. State, cited above; Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972).

2.   During trial, the judge excused the jury to entertain appellant's motion to suppress prior felony convictions in the event appellant decided to testify. Prior felony convictions may be used to impeach a defendant who takes the stand. NRS 50.095; Edwards v. State, 90 Nev. 255, 524 P.2d 328 (1974). However, prior felony convictions should not be admitted if their "probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." NRS 48.035(1). After argument of counsel, the court excluded a 1963 conviction as too remote but informed appellant he would admit 1967 convictions for attempted rape and aggravated battery. The determination of whether to admit or exclude such evidence rests in the sound discretion of the trial court and will not be disturbed unless manifestly wrong. Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965). We perceive no abuse of discretion.

3.   NRS 201.190 provides in pertinent part:
"1.   Except as provided in subsection 2, every person of full age who commits the infamous crime against nature shall be punished:
(a) Where physical force or the immediate threat of such force is used by the defendant to compel another person to participate in such offense, . . . *by imprisonment in the state prison for life with possibility of parole,* eligibility for which begins, . . . when a minimum of 5 years has been served." (Emphasis added.)
We reject appellant's contention that the mandatory life sentence imposed pursuant to statute constitutes cruel and/or unusual punishment violative of the Federal and Nevada Constitutions. Within constitutional limits, the Legislature has the power to define crimes and determine punishments, and

courts should not lightly encroach upon their domain. Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972). We simply do not believe the sentence imposed is manifestly disproportionate to the seriousness of this offense. Cf. Hinrichs v. District Court, 71 Nev. 168, 283 P.2d 614 (1955).

Affirmed.