LARRY JAMES LAMBERT, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9949

February 7, 1978                                    574 P.2d 586

---

[1] The maximum penalty which can be assessed for either offense is 10 years imprisonment.

*Gerald F. Neal,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After being convicted, by jury verdict, of robbery (NRS 200.380), Larry James Lambert received an enhanced sentence for having used a deadly weapon while committing the robbery.[1] In asking us to reverse, Lambert contends: (1) the district court committed prejudicial error while orally instructing the jury, (2) he was denied effective assistance of trial counsel, (3) the evidence was insufficient to support his conviction, and (4) identification testimony by a prosecution witness should have been suppressed. None of the contentions has merit.

1. Lambert's initial claim, raised for the first time on appeal, is directed to an alleged oral misstatement the district

---

[1] NRS 193.165 provides, in pertinent part:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

judge may have made while instructing the jury on the State's burden of proving appellant's identity.

While reading the instruction, the judge either inadvertently substituted the words "act itself" for the word "accuracy", or the court reporter misrecorded the word.[2] In either event, we perceive no reversible error for several reasons.

First: If, in fact, a misstatement was made, Lambert did not consider it of sufficient import to warrant an objection or a request for clarification. *See* Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977); McCall v. State, 91 Nev. 556, 540 P.2d 95 (1975).

Second: The written instruction, which is not challenged, was furnished to the jury and remained with them throughout their deliberations. "It is the duty of juries to read and consider all the instructions of the court, and we presume that they do so." State of Nevada v. Ah Mook, 12 Nev. 369, 388 (1877).

Third: In a case such as this, "where, from the entire charge it clearly appears that the jury could not be misled by the language objected to, the judgment will not be disturbed." State v. Fitch, 65 Nev. 668, 689, 200 P.2d 991, 1002 (1948).

2. Appellant's contention that his trial counsel was ineffective and inadequate is also without merit. "It is presumed that an attorney has fully discharged his duties. This presumption can be overcome by strong and convincing proof to the contrary. This record does not contain evidence of incompetency upon the part of appellant's trial counsel." Cutler v. State, *supra* at 336, 566 P.2d at 813 (1977). *See also* Curtis v. State, 93 Nev. 504, 568 P.2d 583 (1977).

3. Lambert's challenge to the sufficiency of the evidence is rejected on the authority of Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977), and the cases cited therein, all of which hold that where, as here, there is substantial evidence to support the verdict, it will not be disturbed on appeal.

---

[2]The written instruction provided:

"The burden is on the State to prove beyond a reasonable doubt that the defendant is the person who committed the offense with which he is charged. You must be satisfied beyond a reasonable doubt of the *accuracy* of the identification of defendant as the person who committed the offense before you may convict him. If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offense, you must give the defendant the benefit of that doubt and find him not guilty." (Emphasis added.)

4. Although Lambert assigns as error the failure of the district judge to grant the motion to suppress the identification testimony given by Raymond Bremner, the witness of the robbery, other than the statement that the identification testimony was "highly suspect," we are not apprised of any "suggestive or improper conduct" that might support Lambert's subjective claim. *Cf.* Stovall v. Denno, 388 U.S. 293 (1967); Brown v. State, 91 Nev. 777, 542 P.2d 1068 (1975). Furthermore, we find nothing in the record to suggest impropriety. *See* Kirby v. Illinois, 406 U.S. 682 (1972). *See also* Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972).

Affirmed.