## DENNIS O. TURPEN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9998

August 25, 1978                                      583 P.2d 1083

*Michael R. Specchio,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Dennis O. Turpen stands convicted, by jury verdict, of the first degree murder of Johnie Sue Hicks, a female companion with whom he had been sharing a motor home in Reno, Nevada (NRS 200.010; NRS 200.030). In this appeal, Turpen contends (1) the district court erred in admitting certain photographs into evidence; (2) the district court erred in failing to give a proposed instruction; (3) the evidence was insufficient to support the verdict; and, (4) he was denied effective assistance of counsel. We find no merit in these contentions.

1. Appellant contends gruesome autopsy photographs depicting various wounds on the victim's body should not have been admitted into evidence because their prejudicial effect outweighed any probative value. Admissibility of such photographs lies within the sound discretion of the district court and, absent an abuse of that discretion, the decision will not be overturned. Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977). Here, the court followed the intermediate cautionary review procedure recently approved in Dearman v. State, *supra,* considered arguments of counsel, and thereafter concluded that "because of the overall picture and circumstances involved in this case, [the photographs] would be helpful to the jury. . . ." Under these circumstances, we perceive no abuse of the trial court's discretion in admitting the photographs.

2. Appellant next contends the district court erred in refusing to instruct the jury on involuntary manslaughter. Appellant has failed to include the proposed instruction in the record,

thus precluding appellate review of this issue. Anderson v. State, 81 Nev. 477, 406 P.2d 532 (1965).

3. Appellant also argues that the evidence was insufficient to sustain his conviction because the record contains no proof of premeditation and deliberation.

Premeditation and deliberation are questions of fact for the jury and may be deduced from the facts and circumstances surrounding the killing. Curtis v. State, 93 Nev. 504, 568 P.2d 583 (1977). This case involved a brutal beating evidenced by multiple bruises, cuts and lacerations. The pathologist testified to thirty-one (31) separate injuries, including subdural hematoma. The nature and extent of these injuries, as well as the infliction of repetitive blows, offer substantial evidence of premeditation and deliberation and, thus, support the jury's determination of appellant's guilt. Curtis v. State, *supra*.

4. Finally, appellant contends he was denied effective assistance of counsel because his attorney failed to adequately prepare for trial, waived opening argument, and refused to cross-examine a key witness for the prosecution. "It is presumed that counsel fully discharged his duties, and that presumption can only be overcome by strong and convincing proof to the contrary." Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6, 7 (1974). *Accord,* Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978). The evidence in the record contains no evidence of incompetency of counsel and thus, fails to rebut this presumption. Lambert v. State, 94 Nev. 68, 574 P.2d 586 (1978).

Appellant's other assignments of error were either not preserved for appellate review by timely objections or are totally without merit.

The judgment is affirmed.