ANTHONY RAY FRENCH, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10267

September 21, 1979                    600 P.2d 218

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Chief Trial Deputy, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *David B. Small,* District Attorney, and *Frann Moore,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Mowbray, C. J.:

Anthony Ray French was tried by a jury and convicted of the robbery and murder of a gas station attendant. He seeks a reversal, contending the trial judge erred (1) in ruling him fit to stand trial even though he suffered from amnesia, and (2) in admitting the identification testimony of witnesses who had been shown a photographic lineup while French was in custody. We reject both contentions and affirm the jury's verdict.

Appellant was held to answer to the charges of robbery and murder at the conclusion of a preliminary hearing, during which the State produced evidence connecting appellant with the commission of the crime.[1] After the preliminary hearing, appellant's counsel moved for a psychiatric examination regarding appellant's competence to stand trial. Appellant was ordered to Lake's Crossing Center for the Mentally Disordered for eleven days of observation and evaluation by two appointed psychiatrists, with the assistance of such other professionals as they deemed necessary.

A psychiatric hearing to determine appellant's competence to stand trial was subsequently held. The court had before it the reports of the two appointed psychiatrists and a clinical psychologist who had conducted certain tests. The psychiatrists agreed that appellant was able to comprehend the nature of the charges against him and able to aid rationally in the conduct of his defense. The clinical psychologist reported that appellant had a high average intelligence, and that he had found no overt signs of emotional or organic disorder.

The psychologist reported that appellant's "claim to periods of amnesia may be valid." The psychiatrists both testified that if appellant did in fact commit the crime he could not recall it, but they conceded that his account to police of his activities during the period of the commission of the crime was inconsistent with his purported amnesia.

---

[1]This evidence included money stained with blood of the victim's type, with which appellant paid for a car on the day following the robbery; a knife wrapped in cloth found under the front seat of appellant's car, with blood stains of the same type as the victim's and body hair consistent with that of the victim; a shirt with two buttons missing found in the trunk of appellant's car, the buttons of which matched a button found beneath the victim's legs; and the gas station key chain found at the scene of the robbery with fingerprints matching those of appellant.

The court concluded that appellant had failed to meet his burden of proof in establishing a condition of mental illness which would render him incompetent to stand trial, and also denied his motions to be returned to Lake's Crossing for further tests or treatments at the county's expense.

Pursuant to stipulation of counsel, appellant was subsequently examined further by both the State psychologist and his own doctors.

## THE CONSTITUTIONAL RIGHTS TO DUE PROCESS AND TO COUNSEL

The question of the legal effect of a defendant's amnesia has not previously been addressed by this court. In 1961, when a seminal law review article on legal issues related to amnesia appeared, Note, *Amnesia: A Case Study in the Limits of Particular Justice,* 71 Yale L.J. 109 (1961), little had been developed in the case law beyond the conclusion that a defendant's amnesia should not, in itself, preclude his trial on the basis of incompetence. *E.g.,* Regina v. Podola, [1960] 1 Q.B. 325.

Since that time, however, a number of courts have undertaken thoughtful analyses of the issues. *See* United States ex rel. Parson v. Anderson, 354 F.Supp. 1060 (D.Del. 1972), *aff'd* 481 F.2d 94 (3d Cir. 1973), *cert. denied* 414 U.S. 1072 (1973); Wilson v. United States, 391 F.2d 460 (D.C.Cir. 1968); State v. McClendon, 419 P.2d 69 (Ariz. 1966).

Such cases have recognized that a defendant's amnesia may raise issues related to his ability to assist counsel or be tried in a manner consistent with fundamental fairness.

We agree with the court in United States ex rel. Parson v. Anderson, *supra,* that in such cases the issue of competence to stand trial should be determined in accordance with the test enunciated in Dusky v. United States, 362 U.S. 402 (1960). The questions to be asked regarding the defendant's competence to stand trial are: "[1] whether he has sufficient present ability to consult with his lawyer with a reasonable degree of factual understanding—and [2] whether he has a rational as well as factual understanding of the proceedings against him." Doggett v. Warden, 93 Nev. 591, 593, 572 P.2d 207, 208 (1977), quoting Dusky v. United States, *supra.*

We conclude that in the instant case, since there was an agreement among the psychiatric evaluators of the appellant that he was aware and had a full understanding of the nature of the proceedings against him, and that he was fully capable of consulting with his counsel regarding the conduct of his

defense, the court below did not err in finding appellant competent to stand trial.

Appellant also suggests that, under the facts presented, the district court denied him due process of law by denying his motion, at the conclusion of the competency hearings, to be sent to Lake's Crossing for treatments which might rid him of his amnesia, citing State v. McClendon, *supra.* We must disagree.

In *McClendon,* the court reversed a first degree murder conviction because the trial court had refused counsel's request for a continuance in order to obtain such treatment. However, while the court in *McClendon* held that treatment should be allowed if medical testimony were uncertain as to the permanence of the amnesia, *id.* at 74, the court did not hold, as appellant contends, that such treatment should be required if the court were not satisfied by the evidence that the claim of amnesia was genuine. As with similar determinations related to competency, such questions must be left to the trier of fact. *See* Doggett v. Warden, *supra;* Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968).

Thus, *McClendon* is inapposite to the case at hand. Considering the testimony presented, the trial court was not bound to conclude that appellant was in fact suffering from amnesia. Although this finding was not explicitly entered at the time of the competency hearing, it is clear from the record that such was the court's conclusion.[2]

## THE PHOTOGRAPHIC LINEUP

Appellant contends that his conviction should be reversed because the court allowed two witnesses, who had selected

[2]The court stated at sentencing:

"I have heard from your counsel repeatedly throughout the trial this contention that you do not remember what happened. An examination of the record doesn't support that claim. First I would point out that never at any time during any of these proceedings have you ever offered any word of explanation in support of your claim that you do not remember what happened; never presented anything to substantiate that claim.

"The record shows, though, that you remembered enough of it to wrap the bloody knife in a rag and attempt to conceal that package under the seat of your car. You remembered enough to remove your bloodstained clothing and attempted to conceal that and you remembered enough to try to establish a fictional story, which nobody believed, for your sudden wealth, that it had been concealed in the sagebrush. That doesn't indicate to me that you didn't remember. That indicates to me you were a very clever falsifier of fact."

appellant's picture from a photographic lineup several days after his arrest and incarceration, to identify appellant in court and to testify regarding their previous identification of the photograph.

In support of his contention, appellant cites Thompson v. State, 85 Nev. 134, 451 P.2d 704, *cert. denied* 396 U.S. 893 (1969). In that case, "no one was sure that the photographs, other than appellant's, were the same photographs which were used at the pretrial identification. The difficulties of cross-examination and the possibilities of irreparable suggestion [were] apparent." *Id.* at 139. We held in *Thompson* that, under such circumstances, the absence of counsel for appellant at the photographic lineup required exclusion of trial identification by the witnesses unless the court determined that the in-court identification was independent of the photographic identification. Furthermore, we held that reversal was mandated when testimony regarding the photographic identification itself was admitted, unless such admission were determined to be error harmless beyond a reasonable doubt.

However, the court in *Thompson* was careful to limit such consequences to situations such as the one before it. In the present case, the police practices employed fully met the guidelines established by the court in *Thompson. Id.* at 139. A permanent photographic display was prepared on which eight photographs, including one of appellant, were displayed. The display was available in court, was admitted into evidence, and defense counsel was able to cross-examine the police officer who created and presented the display, as well as each of the witnesses, about the display and the manner of its presentation.[3] Thus, the witnesses' identification of appellant at trial and the initial photographic display were properly admitted.

We conclude therefore that the denial of appellant's motion for treatment of his alleged amnesia did not constitute a violation of his right to due process of law, and the witnesses' identification of appellant after viewing a photographic lineup was admissible. Consequently, we affirm.

THOMPSON, GUNDERSON, MANOUKIAN and BATJER, JJ., concur.

---

[3]The United States Supreme Court has, since this court's decision in *Thompson,* refused to extend the right to counsel principles announced in United States v. Wade, 388 U.S. 218 (1967) and Gilbert v. California, 388 U.S. 263 (1967) to a photographic lineup. United States v. Ash, 413 U.S. 300 (1973).