CHARLES E. LAMB, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10847

May 22, 1980                                    611 P.2d 206

---

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Charles E. Lamb, convicted of grand larceny,[1] contends this court should reverse his conviction because a photographic display was impermissibly suggestive, and because police conducted the photographic display in the absence of counsel.

Lamb argues that the photographic display was suggestive because the photograph of appellant bore a date soon after the crime, whereas the dates on the other photographs were older.[2] He claims the date suggested Lamb was the perpetrator. The trial judge considered and rejected his claim. The record supports the trial court's ruling. The victim testified he did not

---

[1] Lamb was charged with stealing a vehicle from a used car lot on September 19, 1977.

[2] Lamb's photograph bore the date 9–20–77. The other photographs were dated 5–21–77, 8–3–76, 6–2–76, 9–30–73, and 9–27–73 respectively.

notice the numbers on the photographs until defense counsel called them to his attention at trial. The officer who conducted the lineup chose photographs of five men, which we note are similar in appearance to the accused. The victim identified Lamb's photograph without hesitation. We hold the photographic display was not impermissibly suggestive. Mere disparity in dates on photographs is not sufficient to invalidate a photographic lineup. *Cf.* State v. Dotson, 565 P.2d 261 (Kan. 1977); State v. Mitchell, 556 P.2d 874 (Kan. 1976); People v. Hill, 528 P.2d 1 (Cal. 1974); Reed v. State, 281 A.2d 142 (Del. 1971). *But cf.* Brown v. Com., 564 S.W.2d 24 (Ky.App. 1978) (date of robbery plus "ROB" on photographs too suggestive).

▉▉▉▉▉▉

Lamb's related argument, that the victim's trial identification was based solely upon the displayed photographs, is without merit. Lamb and the victim discussed a possible purchase of a vehicle at his car lot on two occasions, in daylight, for ten to fifteen minutes. The victim's preliminary hearing identification was unequivocal. The victim's trial testimony, taken as a whole, reflects an independent basis for identification of Lamb as the man who came to victim's car lot.

▉▉▉▉▉▉

Lamb also claims that, inasmuch as he was a suspect and in custody at the time the photographic display was conducted, it was impermissible for the police to conduct a photographic display rather than a body lineup. *Cf.* People v. Anderson, 205 N.W.2d 461 (Mich. 1973). Neither Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), nor Bishop v. State, 92 Nev. 510, 554 P.2d 1266 (1976), cited by appellant, directly supports this contention and we do not adopt it.

▉▉▉▉▉▉

Lamb's remaining claim, that he was entitled to assistance of counsel at the photographic display, is without merit. *See* French v. State, 95 Nev. 586, 600 P.2d 218 (1979); *cf.* Ash v. United States, 413 U.S. 300 (1973). The police practices employed in this case fully met the guidelines established by the court in *Thompson,* cited above at 139, 451 P.2d at 707.

Affirmed.