JOSE JAIME AGUILAR, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12661

January 28, 1982                              639 P.2d 533

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

*J. Gregory Damm,* State Public Defender, and *Robert Bork,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *John McGimsey,* District Attorney, Lincoln County, for Respondent.

## OPINION

*Per Curiam:*

Aguilar appeals from a conviction of murder in the first degree and a consequent sentence of life imprisonment without possibility of parole. Five assignments of error are considered and rejected; we affirm.

### I.

The first assignment of error relates to a comment by the prosecutor at the commencement of the penalty phase. The prosecutor stated to the jury: "Life in prison in our state is fifteen years so, if you impose the penalty of life in prison without the possibility of parole, the defendant will serve fifteen years in prison."

Defense counsel objected on the ground that the prosecutor had incorrectly stated the law. The court instructed the jury to ignore the statement and advised that they would later be properly instructed in the relevant law. The court subsequently instructed the jury regarding the law applicable to the appropriate penalties. Since the judge corrected the misstatement, we cannot conclude that the jury was in any way misled. We, therefore, refuse to reverse on this ground.

### II.

The second assignment of error concerns reference by a prosecution witness to polygraph tests which were given to other suspects in the case. Aguilar's defense rested in part on the fact that there had initially been suspects other than himself. On cross-examination of the Lincoln County Sheriff, defense counsel raised the issue of other possible suspects. On redirect examination, the following exchange occurred between the prosecutor and the sheriff:

> Q. After investigating all these other suspects . . . are you satisfied that they didn't commit the crime?
>
> A. Yes, I am because of some polygraphs we had run and also . . . .

Defense counsel objected to the answer, and out of the presence of the jury, moved for a mistrial. The trial court denied the motion and admonished the jury to ignore the witness's answer.

Aguilar claims that reversible error was committed by the reference to the polygraphs. He asserts that the effect of the statement was to exonerate other suspects and to create the inference either that Aguilar had refused to submit to a polygraph or that he had taken one and failed it.

It is true, as appellant states, that evidence of a polygraph test is admissible in Nevada only if both parties have signed a written stipulation to that effect. Corbett v. State, 94 Nev. 643, 584 P.2d 704 (1978). The issue of admissibility, however, relates to the use of polygraph evidence "to impeach or corroborate the testimony of a witness." Id. at 646, 584 P.2d at 706. In the immediate situation, the comment did not directly impugn the defendant's testimony or establish his guilt. The evidence came in through inadvertence. It was not specifically intended either to corroborate or impeach the testimony of another witness, but merely to demonstrate investigative methods which were used by the sheriff's department. Defense counsel had opened up the subject by suggesting that the investigation had incorrectly focused on the defendant instead of other suspects. The question on redirect examination was aimed at establishing the thoroughness of the investigation; and the form of the prosecutor's question does not suggest that he was soliciting an improper answer. We therefore conclude that the answer does not constitute reversible error.

## III.

The third assignment of error, also without merit, is that the court erred in refusing to admit evidence of an exculpatory letter written by the defendant after the crime was committed. The letter was hearsay evidence; it was not offered to rebut a charge of recent fabrication or improper motive or influence. See NRS 51.035. Furthermore, it does not fall within any recognized exception to the hearsay rule. Finally, the evidence is particularly untrustworthy since the motive to lie would already have attached at the time the letter was written.

## IV.

The fourth claim of error is that the court incorrectly admitted certain scientific evidence and testimony of a forensic odontologist relating to identification of Aguilar's bite mark on the victim's body. We reject this assignment since it was waived by defense counsel at trial. The expert was asked his opinion as to whose bite mark appeared on the victim's body. He testified

without objection that the mark was that of Aguilar's teeth. Further support for the expert's opinion was given in the form of a video tape admitted into evidence by stipulation of counsel. The defense cannot be heard now to complain that admission of the expert's "experimental technique" was reversible error.

## V.

The final assignment of error concerns photographic evidence which Aguilar claims was inflamatory and prejudicial. Photographs show bullet wounds in various parts of the body. The evidence of the wounds is relevant to at least two issues, the cause of death and also premeditation. The admission of such evidence resides in the sound discretion of the trial court. Turpen v. State, 94 Nev. 576, 583 P.2d 1083 (1978), *cert. denied,* 439 U.S. 968 (1978). We cannot say that the trial court abused its discretion in admitting the photographs.

The judgment of conviction and the sentence are affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.