OPINION
 

 Per Curiam:
 

 On October 1, 1989, three men posing as police officers entered a Las Vegas couple’s home and ransacked it after they handcuffed the female and tied up the male. Fingerprints on a shotgun left at the home by the intruders matched those of appellant Anthony Barone (Barone). The license plate of the Datsun 280-Z, identified as the getaway car, revealed the car was registered to Barone’s stepfather. On the night the crimes were committed, the female victim described the leader of the intruders as having “brownish eyes w/thick eyebrows & a sort of New York Italian lingo.” At 10:00 a.m. on the morning of October 6, 1989, Detective Jordan (Jordan) of the Las Vegas Municipal Police Department went to the victim’s residence and showed her a photographic lineup consisting of six photographs of males approximating the description she had given. The victim picked out Barone’s photograph. Detective Jordan had obtained a search warrant the day before, on October 5, 1989, but waited to serve it until 11:00 a.m. on October 6 “since it was a little late in the evening by the time [the judge] signed the search warrant.”
 

 At trial, Barone testified that the car had been stolen the same night the crimes occurred. His family testified, as alibi witnesses, that he had been home all evening. Barone was convicted, pursuant to a jury verdict, of one count of burglary and one count of robbery with use of a deadly weapon.
 

 On direct appeal, Barone contends that the jury verdict must be vacated as the trial court failed to suppress the female victim’s in-court identification of Barone. Barone contends that the pretrial photographic lineup procedure was constitutionally infirm because Barone was not represented by counsel when Detective Jordan showed the victim the photographs. Barone argues that United States v. Wade, 388 U.S. 218 (1967), affords a defendant the right to counsel at a photographic lineup, and that Gilbert v. United States, 388 U.S. 263 (1967), requires reversal of a convic
 
 *1170
 
 tion where counsel was not present at a photographic lineup. He asserts that at the time of the photographic lineup, the investigation process had shifted from the investigatory stage to the accusatory stage and was focused upon Barone. Barone thus reasons that the right to counsel attached at this point under Miranda v. Arizona, 384 U.S. 436 (1966), and Escobedo v. Illinois, 378 U.S. 478 (1964).
 

 In Kirby v. Illinois, 406 U.S. 682 (1972), the United States Supreme Court stated that a pre-indictment photographic lineup does not involve the constitutional privilege against compulsory self-incrimination.
 
 Id.
 
 at 687. The Court further found
 
 Miranda
 
 inapplicable to the defendant’s claim that he was denied counsel at the photographic lineup. The
 
 Kirby
 
 court also limited
 
 Escobedo
 
 to its own facts.
 
 Id.
 
 at 689. The Court stated that it was “firmly established that a person’s Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against [the defendant].”
 
 Id.
 
 at 688. The Court discussed
 
 Wade
 
 and
 
 Gilbert
 
 and explained that the rationale of these cases was that an accused is entitled to counsel at any critical stage and that a
 
 post-
 
 indictment lineup was such a critical stage.
 
 Id.
 
 at 690. The
 
 Kirby
 
 court thus declined to impose the exclusionary rule regarding testimony concerning an identification made before the commencement of prosecution.
 
 Id.
 
 This court has similarly held that a lack of counsel at a photographic lineup conducted before the commencement of any prosecution does not infringe upon a defendant’s constitutional rights.
 
 See
 
 Reed v. Warden, 89 Nev. 141, 508 P.2d 2 (1973); Baker v. State, 88 Nev. 369, 498 P.2d 1310 (1972).
 

 Barone relies on this court’s holding in Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), decided three years prior to the United States Supreme Court’s decision in
 
 Kirby.
 
 In
 
 Thompson,
 
 this court adhered to the
 
 Wade
 
 holding that a defendant is entitled to counsel at a photographic lineup because this court could “discern no substantial difference between a lineup of photographs of persons and a lineup of the persons themselves insofar as the constitutional safeguards required by Wade ... are concerned.”
 
 Id.
 
 at 137, 451 P.2d at 706. This court stated that the fact that
 
 Wade
 
 “involved a post-indictment lineup is not determinative. The right to counsel attaches when the prosecutorial process shifts from the investigatory to the accusatory stage and focuses on the accused.”
 
 Id.
 
 at 138, 451 P.2d at 706. In French v. State, 95 Nev. 586, 600 P.2d 218 (1979), this court limited
 
 Thompson
 
 to its facts. The defendant in
 
 French
 
 argued that his conviction should be reversed because the state utilized a photo
 
 *1171
 
 graphic lineup several days after his arrest. This court rejected the defendant’s reliance on
 
 Thompson,
 
 and stated:
 

 The United States Supreme Court has, since this court’s decision in
 
 Thompson,
 
 refused to extend the right to counsel principles announced in United States v. Wade, 388 U.S. 218 (1967) and Gilbert v. California, 388 U.S. 263 (1967) to a photographic lineup. United States v. Ash, 413 U.S. 300 (1973).
 

 French,
 
 95 Nev. at 590 n.3, 600 P.2d at 221 n.3. This court subsequently cited
 
 Thompson
 
 in Gaitor v. State, 106 Nev. 785, 801 P.2d 1372 (1990), for the proposition that “a defendant is entitled to an attorney when the prosecutorial process shifts from an investigatory to an accusatory stage and focuses upon the defendant.”
 
 Id.
 
 at 789, 801 P.2d at 1375. To the extent that
 
 Gaitor
 
 is inconsistent with this court’s decision in
 
 French
 
 and United States v. Ash, 413 U.S. 300 (1973), it is hereby expressly overruled.
 

 In
 
 Ash,
 
 the Supreme Court held that there is no right to have counsel present when the police show photographs of the defendant and others to witnesses, and this is so even if the defendant has already been indicted.
 
 Id.
 
 at 321. The Court reasoned there is no right to counsel at a photographic identification because unlike a lineup there is no “trial-like confrontation” involving the presence of the accused.
 
 Id.
 
 at 317;
 
 accord,
 
 French v. State, 95 Nev. 586, 600 P.2d 218 (1979);
 
 see
 
 1 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 7.3 (1984 & Supp. 1991). Thus, under
 
 Ash
 
 and
 
 French,
 
 Barone’s Sixth Amendment right to counsel did not attach when Detective Jordan showed the female victim the photographic lineup. We have carefully considered the numerous other contentions raised on appeal and conclude they are without merit. Accordingly, the district court judgment is affirmed in all respects.