An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BENJAMIN D. FARREY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64521

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

On appeal from the denial of his May 13, 2013, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel without first conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the

14-30893

inquiry must be shown. *Strickland,* 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State,* 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, appellant argues that counsel was ineffective for failing to request a competency evaluation. Appellant has failed to demonstrate deficiency or prejudice. Appellant points largely to physical limitations that he had, including being paraplegic and having undergone a procedure that impaired his ability to speak. Such limitations do not constitute specific facts that should have caused objectively reasonable counsel to doubt appellant's ability to understand the nature of the criminal charges against him or aid and assist counsel in his defense. *See Hernandez v. State,* 124 Nev. 978, 992, 194 P.3d 1235, 1244 (2008), *overruled on other grounds by Armenta-Carpio v. State,* 129 Nev. ___, 306 P.3d 395 (2013). Appellant also points to his having amnesia regarding the events of the day of the murder, but this alone would not implicate appellant's competency. *See French v. State,* 95 Nev. 586, 588-89, 600 P.2d 218, 219-20 (1979). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for failing to adequately investigate appellant's case prior to advising him to enter a guilty plea. Specifically, appellant argues that counsel should have explored "potential scenarios or defenses" that would have exculpated him and perhaps inculpated the victim. Appellant has failed to demonstrate deficiency or prejudice. Appellant has not demonstrated that counsel was objectively unreasonable in failing to delve into the victim's

history of violence in order to inculpate her where the victim had defensive wounds but appellant did not and where he does not allege that anything in the victim's past would have caused him to reasonably believe that she "could kill or seriously harm him" so as to justify the murder. *Culverson v. State*, 106 Nev. 484, 487, 797 P.2d 238, 239 (1990). Moreover, as appellant claims that the victim had been violent with him, he knew of her alleged history of violence and thus fails to demonstrate a reasonable probability that, but for counsel's failure to investigate the victim's past violence, he would have insisted on going to trial. Appellant also fails to indicate what a more thorough investigation into his leap or fall from his balcony would have revealed such that he did not demonstrate prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Third, appellant argues that counsel was ineffective for failing to ensure that the guilty plea was entered into knowingly, voluntarily, and with an understanding of the consequences of the plea. Appellant has failed to demonstrate deficiency or prejudice. Appellant acknowledged in his guilty plea agreement and during his plea colloquy that he was entering his plea voluntarily and without duress and that he understood the elements of the charges and the sentencing ranges he would face. *See State v. Freese*, 116 Nev. 1097, 1104, 13 P.3d 442, 447 (2000) (holding that we apply a totality-of-the-circumstances test in reviewing the validity of a guilty plea). Further, appellant's claim that he was misinformed by the court as to his maximum potential sentence is belied by the record. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fourth, appellant argues that counsel was ineffective for failing to object when the sentencing court failed to elaborate on each of the five sentencing factors set forth in NRS 193.165(1). Appellant has failed to demonstrate prejudice. Insofar as he is arguing that such an objection would have resulted in a more favorable standard of review on direct appeal, he fails to make any cogent argument to support such an assertion. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Further, this court held on appellant's direct appeal from his judgment of conviction that the record supported the sentence imposed, *Farrey v. State*, Docket No. 56903 (Order of Affirmance, November 18, 2011), that holding is the law of the case, *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975), and accordingly, appellant fails to demonstrate a reasonable probability of a different outcome had counsel insisted that the district court address each sentencing factor individually. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Finally, appellant argues that counsel was ineffective for failing to present sufficient mitigating evidence at the sentencing hearing. Appellant has failed to demonstrate deficiency or prejudice. Appellant raises bare claims that counsel should have called additional witnesses where he fails to state what additional information those witnesses would have offered beyond what was already in the sentencing memorandum and its attachments. Further, the State had informed the district court of appellant's "miniscule" prior criminal history, which was confirmed by the presentence investigation report, and appellant's parents, through their mitigation letters to the court, suggested that perhaps the victim was the aggressor. Where appellant had twice been convicted of battering the

victim, he fails to state how stressing his lack of other significant criminal history or that the victim could be to blame would have resulted in a reasonable probability of a different outcome at sentencing. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Having considered the foregoing arguments and concluding that appellant's claims lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Kathleen E. Delaney, District Judge
        Langford McLetchie LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk