# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIAS G. MONTALVO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73667

FILED

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

In his petition, Elias Montalvo asserted that trial and appellate counsel were ineffective. To prove his claims, Montalvo had to show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown. *Strickland*, 466

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). To the extent that appellant has attempted to present claims or facts that were not presented in the proceedings below, we have declined to consider them in the first instance.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-27741

U.S. at 697. Counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. An evidentiary hearing is warranted when the claims asserted are supported by specific factual allegations not belied by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).[2]

First, Montalvo claimed that trial counsel should have requested an instruction on involuntary manslaughter and presented a defense consistent with that theory.[3] Citing *Wegner v. State*, 116 Nev. 1149, 14 P.3d 25 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006), he asserts that counsel should have sought an independent medical examiner to link the victim's pre-existing conditions to the cause of death and support a conviction for involuntary manslaughter. We conclude that Montalvo failed to demonstrate deficient performance or prejudice. Montalvo's reliance on *Wegner* is misplaced. In *Wegner*, the district court erred in failing to instruct the jury on involuntary manslaughter because the existence of a pre-existing condition made it possible that the fatal injury, which no one had witnessed, could have resulted from neglect or endangerment as opposed to child abuse. *Id.* at

---

[2]Montalvo moved for the appointment of postconviction counsel pursuant to NRS 34.750. We conclude that the district court did not abuse its discretion in denying the motion as the issues involved in this litigation were not difficult, Montalvo appeared to comprehend the proceedings, and counsel was not necessary to proceed with discovery. *See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. ___, 391 P.3d 760 (2017) (discussing NRS 34.750 factors).

[3]Montalvo claimed that the district court erred in failing to sua sponte instruct the jury on involuntary manslaughter; however, he did not allege good cause for not raising this claim on direct appeal. NRS 34.810(1)(b)(2).

1157, 14 P.3d at 30-31. Here however, it was uncontroverted that Montalvo intentionally beat and kicked the victim. Moreover, in convicting Montalvo of second-degree murder, the jury found that Montalvo intended to kill the victim when he battered him. *See* NRS 200.010(1); NRS 200.020(1); *see also* NRS 200.070(1) ("[W]here the involuntary killing occurs during the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being . . . the offense is murder."). Thus, he did not demonstrate a reasonable probability that the jury would have convicted him of involuntary manslaughter if so instructed. Therefore, the district court did not err in denying this claim.

Second, Montalvo claimed that trial counsel should have ensured that police collected his backpack at the time of his arrest. We conclude that this claim lacks merit. The record does not indicate that counsel represented Montalvo at the time of his arrest. Counsel cannot perform deficiently by failing to take actions before his appointment. Moreover, whether Montalvo possessed the backpack was not in dispute at trial, and he failed to demonstrate that he was prejudiced by the failure to introduce additional evidence about it. Therefore, the district court did not err in denying this claim.

Third, Montalvo claimed that counsel should have objected to the sentence imposed and argued that his lack of criminal history, military service, and substance abuse issues warranted a more lenient sentence. He also asserted that counsel should have referred him to Veteran's Specialty Court for sentencing. Montalvo failed to demonstrate that counsel was deficient or that he was prejudiced. The district court considered the aforementioned evidence as part of the PSI, defense counsel's argument, and Montalvo's statement to the court. Additional mitigation evidence

would not have had a reasonable probability of altering the outcome of the sentencing hearing as the court stated that the circumstances of the crime necessitated continued supervision. Counsel was not deficient for not seeking to transfer the matter to the Veteran's Specialty Court because Montalvo was not eligible for probation or a suspended sentence. *See* NRS 176A.100(1)(a); NRS 176A.290(1). Therefore, the district court did not err in denying this claim.

Fourth, Montalvo claimed that trial counsel should have challenged juror misconduct based on contact with the victim's family during sentencing. Montalvo failed to demonstrate that counsel acted deficiently. The sentencing transcript does not indicate that any improper contact occurred. Moreover, as the jurors had been discharged, they were no longer prohibited from contact and any contact could not have influenced the deliberative process. *See Meyer v. State*, 119 Nev. 554, 561, 80 P.3d 447, 453 (2003) ("'Juror misconduct' falls into two categories: (1) conduct by jurors contrary to their instructions or oaths, and (2) attempts by third parties to influence the jury process."). Therefore, the district court did not err in denying this claim.

Fifth, Montalvo claimed that trial counsel should have challenged the failure to provide notice pursuant to *Sheriff v. Marcum*, 105 Nev. 824, 783 P.2d 1389 (1989). Given Montalvo's failure to identify what evidence he intended to offer during grand jury proceedings that would have prevented his indictment, he failed to demonstrate prejudice.[4] Therefore, the district court did not err in denying this claim.

---

[4]Montalvo also raised this issue as a direct appeal claim but has failed to allege good cause to warrant its consideration in his petition. NRS 34.810(1)(b)(2).

Sixth, Montalvo claimed that trial counsel should have moved to dismiss the amended indictment on the ground that the State did not have the authority to amend it. We conclude that counsel did not perform deficiently because the amendment did not add or change the offense charged and did not prejudice Montalvo's substantial rights, and thus, a motion to dismiss would have been meritless. *See* NRS 173.095(1). Therefore, the district court did not err in denying this claim.

Seventh, Montalvo claimed that trial counsel should have investigated and prepared for cross-examination by investigating an eyewitness' "visual history" and the history of overturned cases related to the medical examiner. Montalvo did not provide any specific factual allegations, and his assertion that this evidence exists is speculative. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Eighth, Montalvo claimed that appellate counsel should have challenged the district court's decision restricting his expert's testimony. We conclude that this claim lacks merit. Appellate counsel is not deficient merely because he or she elected to forgo briefing an issue identified in the docketing statement. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14 ("Effective assistance of appellate counsel does not mean that appellate counsel must raise every non-frivolous issue."); *see also Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). The district court minutes indicate that the district court limited the expert's testimony to the contents of the expert witness notice. *See* NRS 174.234(2)(a) (requiring parties to give "[a] brief statement regarding the

SUPREME COURT
OF
NEVADA

(O) 1947A

subject matter on which the expert witness is expected to testify and the substance of the testimony"). Nothing in the record indicates that appellate counsel could have demonstrated that this decision was an abuse of discretion. Therefore, the district court did not err in denying this claim.

Ninth, Montalvo claimed that appellate counsel should have challenged the admission of autopsy photographs. We conclude that this claim lacks merit. The State used the photographs during the forensic pathologist's testimony to illustrate the victim's injuries. *See Doyle v. State*, 116 Nev. 148, 160, 995 P.2d 465, 473 (2000) (noting that "even gruesome photographs are admissible if they aid in ascertaining the truth, such as when used to show the cause of death, the severity of the wounds and the manner of injury"); *Turpen v. State*, 94 Nev. 576, 577, 583 P.2d 1083, 1084 (1978) (holding that the admissibility of autopsy photographs lies within the sound discretion of the district court and will not be overturned absent an abuse of that discretion). Accordingly, we conclude that Montalvo did not demonstrate that counsel failed to raise a meritorious claim. Therefore, the district court did not err in denying this claim.

Tenth, Montalvo claimed that appellate counsel should have asserted that his life sentence was severe and supported by impalpable or highly suspect evidence.[5] We conclude that Montalvo failed to demonstrate that appellate counsel neglected to raise a meritorious argument. The relevant statutes are constitutional, and the sentence imposed was within the parameters provided by statute. *See* NRS 200.030(5)(a). The record reveals that the sentencing court did not rely on impalpable or highly

---

[5]Montalvo also claimed that his sentence was supported by impalpable or highly suspect evidence but he failed to allege good cause for not raising this claim on direct appeal. NRS 34.810(1)(b)(2).

suspect evidence. Therefore, the district court did not err in denying this claim.

Eleventh, Montalvo claimed that appellate counsel should have challenged the loss of his backpack. We conclude that Montalvo failed to allege sufficient facts to demonstrate that counsel neglected a meritorious due process violation because he did not allege sufficient facts to conclude that the backpack was material as its existence was never in contention. *See Daniels v. State*, 114 Nev. 261, 267-68, 956 P.2d 111, 115 (1998) (recognizing that the failure to collect evidence violates due process when police with gross negligence or bad faith fail to collect material evidence). Therefore, the district court did not err in denying this claim.

Twelfth, Montalvo claimed that the cumulative effect of counsel's errors warrants relief. As Montalvo only identified one arguable error, there is nothing to cumulate.

Having considered Montalvo's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:    Hon. William D. Kephart, District Judge
       Elias G. Montalvo
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk